FILED

# United States District Court

APR 1 8 2007

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

UNITED STATES OF AMERICA

v.

TOMMY JEROD THORNTON

CRIMINAL COMPLAINT

CASE NUMBER: 2:07mj44-TFM

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __April 17, 2007__, in __Montgomery__ county and elsewhere within the __Middle__ District of __Alabama__ defendant(s) did, (Track Statutory Language of Offense)

**knowingly possess with intent to distribute
approximately 500 grams or more of cocaine,
a Schedule II Controlled Substance,**

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__.

I further state that I am a(n) __ABI Agent assigned to the HIDTA Task Force__ and that this complaint is based
                                                        Official Title
on the following facts:

SEE THE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:   ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

April 18, 2007                                       at   Montgomery, Alabama
_____          _____
Date                                                      City and State

Terry F. Moorer, U.S. Magistrate Judge              _____
_____                      Signature of Judicial Officer
Name and Title of Judicial Officer

# AFFIDAVIT

Affiant, Robert Thornton, being first duly sworn, do hereby state and affirm that:

1. He is an Alabama State Trooper, assigned as an agent for the Alabama Bureau of Investigation's Narcotics Operations Service, and detailed to the Major Investigation Team of the High Intensity Drug Trafficking Area Task Force (HIDTA), which are both located at the Investigative Operations Center in Montgomery, Alabama. Agent Thornton is cross-designated and federally deputized as an agent of the United States Drug Enforcement Administration (DEA), which empowers him with authority under Title 21, United States Code, to conduct investigations and make arrests of those suspected of involvement in illegal activity pertaining to violations of federal law. He has twenty-six years of law enforcement experience, in which, the past thirteen have been extensively directed in narcotics investigations. The facts and information in this affidavit are based on Agent Thornton's personal knowledge and the knowledge of other law enforcement officers.

2. On April 17, 2007, Trooper Jason McHenry was on routine patrol on Interstate I-85. At approximately 4:07 p.m., Trooper McHenry observed a silver passenger car traveling north on I-85 that appeared to be exceeding the speed limit. Trooper McHenry activated his radar which indicated that the vehicle was in fact speeding. After completing a tracking history Trooper McHenry activated his emergency equipment and pulled in behind the vehicle. The vehicle then pulled over on the shoulder of the road.

3. Upon approaching the vehicle, Trooper McHenry asked the driver for his driver license. The driver, TOMMY JEROD THORNTON advised Trooper McHenry that he did not have a driver license, but only an identification card. At that point THORNTON was asked to step back to Trooper McHenry's patrol car to verify the status of THORNTON'S license. The information obtained through BLOC/ HIDTA and NCIC revealed that THORNTON only had a Texas identification card and not a valid driver license. Trooper McHenry issued THORNTON a warning for speeding and a citation for no driver license.

Trooper McHenry informed THORNTON that he would not be permitted to drive without a license. THORNTON then provided verbal and written consent to search the vehicle.

4. Upon searching the vehicle, a grey duct taped package was found under the backseat. The package contained a plastic vacuum sealed bag containing a white powdery substance and was coated with a red gel substance. Suspecting that the package may have contained illegal contraband, THORNTON was then read his Miranda rights by Trooper McHenry. THORNTON advised he understood his rights. When THORNTON was asked about the package, THORNTON stated, "I don't know what it and I have never seen it before".

5. ABI Agent, Corporal Robert Thornton was contacted and responded to the scene. Upon Corporal Thornton's arrival, he took custody of the package at approximately 5:10 p.m., and conducted a field test on a portion of the white powder substance. The white powdery substance produced a "positive" reaction for the presence of cocaine. The substance was weighed and was determined to be 721.46 gross grams. THORNTON was placed under arrest and transported to the HIDTA Group 40 office by Trooper McHenry.

6. Once at the HIDTA office, THORNTON was again advised of his Miranda rights and executed a written waiver. THORNTON agreed to provide a written statement, but ask Corporal Thornton if he could write it for him. THORNTON stated that he did not "write or spell well." In his statement, THORNTON stated that he had left La Porte, Texas that morning at approximately 7:00 am enroute to North Carolina. He stated that he has been working as a drug courier for the last three years for a Mexican male who he refused to name. He stated that he knew the cocaine was in the vehicle and that he was making this trip because he needed the money. THORNTON stated he was to paid $1,000.00 for the trip once the delivery had been made. THORNTON also detailed trips he had made to Tennessee, North Carolina, and Louisiana in the last three years where he had delivered drugs. He named those drugs as both cocaine and marihuana. He stated that when he delivered marihuana that he was paid $50.00 per pound. THORNTON stated that the amount he was paid for a cocaine delivery varied and depended upon the weight of the cocaine that he was delivering.

7. A check of TOMMY JEROD THORNTON on NCIC has revealed:

   I.   1983- Arrested for Dangerous Drugs (La Porte, Texas)-No disposition shown

   II.  1984-Arrested for Dangerous Drugs (La Porte, Texas)-No disposition

Case 2:07-cr-00094-WKW-TFM     Document 1     Filed 04/18/2007     Page 6 of 8

shown

III.   1986-Arrested for Possession of Narcotic Equipment (Deer Park, Texas)-No disposition shown

IV.   1988-Arrested for Sexual Assault of a Child (La Porte, Texas)-No disposition shown

V.    1989-Arrested for Robbery (La Porte, Texas)-No disposition shown

VI.   1992-Arrested for Possession of Cocaine (La Porte, Texas)- No disposition shown

VII.  1993-Arrested for Forgery (La Porte, Texas)-Convicted of lesser included offense (misdemeanor)

VIII. 2005-Arrested for Burglary of Dwelling (La Porte, Texas)-Convicted of Felony Burglary and Misdemeanor Theft

Based upon the statement of facts and circumstances set forth herein, I have probable cause to believe that on April 17, 2007, in the Middle District of Alabama, TOMMY JEROD THORNTON, committed a violation of Title 21, United States Code, Section 841(a)(1): that is, Possession with Intent to Distribute Cocaine, a Schedule II Controlled Substance, in an amount in excess of 500 grams.

Robert Thornton, Affiant
Alabama Bureau of Investigation

Sworn to and subscribed before me this 18th day of April, 2007.

Terry F. Moorer
United States Magistrate Judge